## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LARRY WOMACK, #37980-083                    :        Civil Action No. CCB-07-525

     Petitioner                                  :

     v.                                          :

WARDEN                                       :

     Respondent                                  :

oo0Ooo

## MEMORANDUM

Pending is a 28 U.S.C. § 2241 petition for writ of habeas corpus filed pro se by Larry Womack, an inmate at the Federal Correctional Institution in Cumberland, Maryland. The court will grant him indigency status for the limited purpose of preliminary review because he has neither submitted the $5.00 filing fee nor filed a motion to proceed in forma pauperis. Upon review of the petition, the court determines that it is more appropriately construed pursuant to 28 U.S.C. §2255, subject to dismissal without prejudice for lack of jurisdiction.

## I. Background

On December 12, 2003, the United States District Court for the Eastern District of Virginia sentenced Womack to 127 months imprisonment after he pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. §841(a). Womack filed the instant petition on March 3, 2007, claiming that he is unlawfully in custody "as a result of judicial unfairness and sentencing errors." Complaint at 6, ¶ D.2. Specifically, he challenges his incarceration on the grounds of alleged: 1) ineffective assistance of counsel; 2) violation of "double jeopardy"; and 3) a sentence that violates the holding in *United States v. Booker*, 543 U.S. 220 (2005) and related cases.

## II. Discussion

The threshold question presented is whether these claims are properly raised in a § 2241

petition or more appropriately construed under 28 U.S.C. §2255 as a motion to vacate, set aside or correct. A § 2241 petition attacks the manner in which a sentence is executed, and is filed in the judicial district where the prisoner is in custody. *See* 28 U.S.C. §2241(a); *see also In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). In contrast, a §2255 motion challenges the validity of the underlying conviction or sentence, and is filed in the district where the prisoner was sentenced. *See* 28 U.S.C. §2255; *see also Jones*, 226 F.3d at 332.[1]

The petition clearly challenges the validity of Womack's conviction and sentence, and is properly construed pursuant to 28 U.S.C. §2255. Regardless of the label used by petitioner, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998).[2] Consequently, this court is without jurisdiction to consider the petition. Womack must file for the redress he seeks in the United States District Court for the Eastern District of Virginia.[3] Accordingly, the court will dismiss the petition without prejudice. A separate order follows.

____March 9, 2007____                        _____/s/_____
Date                                          Catherine C. Blake

---

[1] Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. Womack does not allege §2255 is inadequate or ineffective. Further, a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision. *See Jones*, 226 F.3d at 333; *Vial*, 115 F.3d at 1194 n. 5.

[2] To the extent Womack also seeks modification of his sentence under 18 U.S.C. §3582(c), he may not do so in a civil proceeding for collateral relief. Womack's reference to Rule 60(b) is also unavailing. Womack cannot attack his criminal proceeding in this court by way of Rule 60(b).

[3] The court expresses no opinion on whether a §2255 motion may be barred by the statute of limitations.

United States District Judge